IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL BRANDON-ELZIE NELSON, §<br>#24018550, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:25-cv-452-K-BN | |
| § | | |
| MARIAN BROWN, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Brandon-Elzie Nelson, while detained at the Dallas County jail, filed *pro se* an application for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. Nos. 4, 5. Because the filings were made in a pending civil rights case brought by Nelson, the filings were severed and opened as a new civil habeas proceeding. *See* Dkt. No. 3.

United States District Judge Ed Kinkeade referred this matter to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the construed habeas petition as moot.

**Discussion**

Section 2241 remains "'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state

custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)); *see also Jones v. Hendrix*, 599 U.S. 465, 475 (2023) (Section 2241 remains available where "a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*." (emphasis in original)).

But, once a pre-trial detainee is convicted, claims for federal habeas relief for pretrial issues become moot. *See Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) ("Yohey claims that the state court erred in refusing to grant his pretrial habeas relief. However, such claims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction") (citing *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging legality of pretrial detention were rendered moot by conviction) (additional citation omitted).)

A review of publicly available court records for Dallas County reflects that Nelson was convicted after filing his Section 2241 petition. *See State v. Nelson*, Nos. F-24-16982 (Dallas Cnty. Crim. Dist. Ct. 2 Mar. 19, 2025). So his claims for federal habeas relief related to pretrial issues are moot and should be dismissed.

### Recommendation

The Court should dismiss the construed habeas petition corpus under 28 U.S.C. § 2241 as moot.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 6, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE